[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Both parties appeared and were represented by counsel. All statutory stays having expired, the court has jurisdiction.
Having heard the evidence, the court finds as follows:
The plaintiff and defendant, whose maiden name was Adams, intermarried at East Lyme, Connecticut, on May 8, 1971; that the plaintiff has resided continuously in Connecticut for a period of one year next preceding the date of the filing of this complaint; that there is one minor child issue of the marriage, Jenna Lyn Christie, born December 19, 1987; that there were no other minor children born to the plaintiff since the date of the marriage of the parties; that the marriage has broken down irretrievably and that there is no hope of reconciliation.
The parties have different opinions as to the cause of the breakdown in their marriage. The plaintiff claims that the defendant was very uncommunicative about their problems; that he was frequently away from the home in the evening; that he was working at various jobs with his heavy construction equipment without it producing any significant income; that defendant never wanted children and was not too excited about the birth of their minor child, Jenna; that the defendant had trouble interacting with their child; that he would not baby sit for the child or participate in setting up the child's nursery; that sex with the defendant was infrequent, namely once every three or four months, and that he asked her to leave the marital home.
Defendant claims that the plaintiff was always argumentative when he tried to communicate with her; that she wanted everything her way; that she manipulated Jenna; that they always argued over CT Page 5496-A treatment of Jenna; that plaintiff always contradicted his treatment of Jenna to such an extent that defendant ceased trying and that he was uncomfortable in the home with plaintiff and Jenna.
Defendant admits that he has not had sex with the plaintiff since the summer of 1994 and that the parties have gone their separate ways.
Based on the above, it is clear that the marriage of the parties has irretrievably broken down without any hope for reconciliation. I find that both parties have equally contributed to the breakdown of their marriage by their actions and behavior.
Plaintiff was born January 15, 1949. She suffers from a hereditary kidney disease which requires that she be monitored twice a year. Her kidney does not work at a normal level and she loses blood through her kidney. Other than for her kidney problem, plaintiff seems to be in good health.
Before the marriage, the plaintiff was employed as a secretary at Electric Boat in Groton. After the marriage, plaintiff continued her education by attending the University of New Haven during the evening and before her child was born. She received a bachelor's degree in operations management and a master's degree in business with a minor in computer science. Her employer paid for her tuition.
Plaintiff advanced in her employment and presently is employed as a project coordinator in engineering. She works 45 hours per week and receives an annual salary of $53,078, which includes $4673 for vacation pay. According to her financial affidavit dated June 6, 1996, plaintiff's net weekly income after deducting $112.50 for SSIP deduction and club dues of $2.75, is $605.49.
The defendant, who was born November 17, 1945, is employed at Science Application International Corporation (SAIC) as a staff engineer. In 1995, his annual salary was $71,328.37, Plaintiff's Exhibit K. However, defendant's financial affidavit dated June 6, 1996, indicates defendant grosses $1,061.54 per week, which indicates an annual income of $55,200.08. His net weekly income, after deducting $106.16 for retirement and life insurance payment of $7.67, is $613.46. However, defendant claims he is under withholding on his federal income tax by $70 per week. Therefore, CT Page 5496-B he actually claims his net income should be $543.46 per week.
Defendant appears to be in good health and his continued employment seems good.
Defendant owns jointly with his brother real estate with improvements thereon located and known as 53 Hillside Road, Groton, Connecticut. The property is valued at $59,000 and is subject to an $11,000 mortgage. Defendant and his brother purchased the property from their mother in 1983, who still resides there. Defendant pays part of the mortgage on said property.
During May, 1994, the parties purchased the marital home located at and known as 9 Woodview Drive, Ledyard, Connecticut, for the sum of $209,000. It is presently subject to a first mortgage between $151,000 and $155,000. The parties also jointly own an adjacent tract of land known as 11 Sandy Hollow Road, Ledyard, Connecticut, with a present value of $70,000.
The parties also jointly own a limited partnership interest valued at $14,565.
The plaintiff claims the marital home is in need of repairs totalling $30,000 more or less and wants defendant to pay for said repairs. Notwithstanding her claim, plaintiff on her financial affidavit, claims that the marital home has a present value of $209,000.
The plaintiff is the sole owner of a $10,000 New York Life insurance policy with a cash value of $3,794; a Shearson Lehman account valued at $337; a Shearson Lehman IRA valued at $34,757; a 1983 Datsun valued at $1,300; jewelry valued at $10,000; and a General Dynamics Pension Plan which will pay plaintiff presently $775 per month at age 65 but which will increase as her employment continues.
The defendant is the sole owner of SAIC stock valued at $282,719; an SAIC-CODA, ESOP profit sharing plan valued at $279,407; a Shearson Lehman IRA valued at $32,850; a Smith Barney account valued at $484; a 1995 Taurus with no equity; five New York Life Insurance policies with a total face value of $140,000 and a cash value of $32,742; a Charter Oak FCU valued at $1,800; and a Chelsea Groton Savings account valued at $600. CT Page 5496-C
The plaintiff is also the joint owner with her daughter, Jenna, of a certificate of deposit (CD) valued at $94,419.
The defendant is also the joint owner with his daughter, Jenna, of two Charter Oak Federal Credit Union CDs, one in the sum of $94,419, the other in the sum of $13,423.
The social security number of the minor child is on all three CDs. The interest received on the CD held jointly by the plaintiff and minor child is deposited by the plaintiff in a bank account for the minor child.
The interest income from all three CDs is reported in the minor child's tax returns and not on the tax returns of the parties. See Plaintiff's Exhibits K, L, M and N.
The parties have different positions as to whether the certificates of deposit jointly held with the minor child are completely marital assets. Plaintiffs contends that one half of said of the CDs is the property of the minor child. The defendant argues that the CDs are the property of the parties and not the minor child. The court finds that one half of the CDs are owned by the minor child and one half by the parties.
In addition to the above, there is a residence located at 2 Woodview Drive, Groton, Connecticut, held in irrevocable trust by the plaintiff for the benefit of the minor child, Jenna. Said residence has a value of $159,000 and is subject to a mortgage of $89,000. Further, the defendant contends that the real estate trust, which is irrevocable, is truly a marital asset especially in view of his testimony that claims plaintiff stated to the effect that the minor child would not receive any of the corpus of the trust.
Since the real estate trust is irrevocable, this court has no jurisdiction over it. It is not a marital asset. If the defendant fears that the plaintiff will misuse the trust income or corpus, he can seek periodic accounting from the trustee in the proper probate court.
The court adopts the same position as to the Oppenheimer 
Company, Inc. Account #577-0572-12114, which were established pursuant to the Uniform Gift to Minors Act for the minor child. Those funds belong to the minor child and are not considered part of the marital assets of the parties notwithstanding that the CT Page 5496-D plaintiff is the named custodian thereof.
It is clear that the plaintiff was primarily responsible for the financial success the parties enjoyed through her education and foresight in managing the parties' incomes. Although she earned less income than the defendant, the income she did earn, the performance of her household responsibilities and successful investments, show that she has contributed equally to the marital assets the parties have accumulated during their marriage.
After considering all of the factors in Connecticut General Statutes §§ 46b-61, 46b-62, 46b-81, 46b-82 and 46b-84, in light of the evidence and my findings and the taxable implications and consequences of my orders, judgment is entered dissolving the marriage of the parties on the ground of irretrievable breakdown. It is further ordered:
(1) Custody of the minor child is awarded to the plaintiff with reasonable rights of visitation to the defendant.
(2) The defendant shall pay to the plaintiff the sum of $190 per week as child support pursuant to the Connecticut Child Support Guidelines. The parties shall alternate taking the child as an exemption on their federal and state income tax returns. The plaintiff shall take the even-numbered years, the defendant the odd-numbered years.
In addition, each party shall pay one half of the child's private school tuition.
(3) Medical insurance for the minor child shall be provided by the parent who has the best medical coverage available through their employment. The other parent shall pay one half of the premium for said medical insurance. The parties shall share equally the unreimbursed medical, dental, prescription and psychiatric expenses incurred on behalf of the minor child.
The defendant shall pay to the plaintiff or Dr. Harris within thirty (30) days hereof the medical reimbursement amount he received in connection with the child's dental treatment with Dr. Harris. Any unpaid balance due Dr. Harris after receipt of said amount, shall be paid equally by the parties.
(4) The defendant shall immediately transfer all his right, title and interest in the marital home known as 9 Woodview Drive, CT Page 5496-E Ledyard, Connecticut, and the adjacent lot on Sandy Hollow Road to the plaintiff. The plaintiff shall assume and pay all mortgages, encumbrances and expenses of said property and she shall indemnify and save the defendant harmless therefrom.
(5) The defendant shall keep, free of any claim from the plaintiff, the real property known as 53 Hillside Road, Groton, Connecticut.
(6) The plaintiff shall keep as her own property the household goods and furniture at the marital home; her jewelry and diamond engagement ring, the 1983 Datsun automobile; the garden tractor and snow blower; the generator of highest value of the three generators the parties own; her IRA account at Shearson Lehman; her General Dynamics Stock Savings Investment Plan; the Limited Partnership; the Shearson Lehman account with a current balance of $337; and her $10,000 face value life insurance with New York Life.
(7) The defendant shall keep as his own property all the heavy equipment except for the generator plaintiff will keep, his SAIC stock plan account; his SAIC stock option; his IRA account; all of his New York Life Insurance policies in effect with his minor child as the irrevocable beneficiary during her minority. He shall provide plaintiff with written authorization for her to see that this remains the status of said policies.
(8) By way of a property settlement and in lieu of alimony, the defendant shall pay to the plaintiff the sum of $165,000 as follows:
(a) $35,000 cash within sixty (60) days hereof
(b) $75,000 by way of a Qualified Domestic
Relations Order from his SAIC 401K plan
(c) $30,000 within 18 months hereof
(d) $25,000 at the end of the third year hereof
Since the plaintiff testified she would be willing to keep the heavy equipment and tools at a value of $66,086, the defendant shall have the option to satisfy $66,086 of his obligation by allowing the plaintiff to keep the heavy equipment CT Page 5496-F specified in Plaintiff's Exhibit A.
(9) The defendant shall pay to the plaintiff the sum of $15,000 for needed repairs to the marital residence, and the sum of $4,874.65, his share of the joint expenses pursuant to the order of Hurley, J.
(10) Each party shall keep their pension free of any claim from the other.
(11) One half of the funds in the three certificates of deposit held jointly with the parties and their minor child shall belong to the minor child, Jenna. The remaining one half of said funds shall be divided equally between the plaintiff and defendant free of any claim from the other.
The amount due the minor child, Jenna, shall be placed into two equal custodial accounts pursuant to the provisions of the Uniform Gift to Minors Act with the plaintiff as custodian of one such account and the defendant the custodian of the other account.
The creation of the aforesaid custodial accounts for the minor child shall be accomplished within sixty (60) days hereof.
(12) Susan Connolly, 351 Main Street, Niantic, Connecticut 06357, is hereby appointed attorney for said minor to protect the interests of said minor child and to insure that the above-referred to custodial accounts are created as ordered. Further, said attorney is authorized to request periodic accounting from the trustee of the irrevocable trust for the benefit of said minor child.
Each party shall pay equally the fees of said attorney.
(13) All garden supplies and household tools shall be divided equally between the parties. If they cannot agree, each item shall be alternately chosen from a list of said items with the plaintiff having the first choice.
(14) Any checks in defendant's possession from the Limited Partnerships shall be divided equally between the parties.
(15) All garden tools and supplies, other than any disposed of above, shall be divided equally between the parties. CT Page 5496-G
(16) No alimony is awarded to either party.
(17) Each party shall pay their own attorney's fees.
Paul M. Vasington Judge Trial Referee